Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
**PANEL XII**

| BANCO POPULAR DE PUERTO RICO<br><br>Apelada<br><br>v.<br><br>EVA RODRÍGUEZ DE JESÚS Y OTROS<br><br>Apelante | KLAN202401081 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2023CV06908 (701)<br><br>Sobre: EJECUCIÓN DE HIPOTECA: PROPIEDAD RESIDENCIAL |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.[1]

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de febrero de 2025.

La apelante, Eva Rodríguez De Jesús, solicita que revoquemos la Sentencia Parcial en la que el Tribunal de Primera Instancia desestimó la Demanda contra Tercero y Demanda de Clase que presentó contra el bufete Martínez Torres.

La apelada, Martínez Torres Law Offices, PSC, presentó su oposición al recurso.

**I**

El 8 de diciembre de 2023, el Banco Popular de Puerto Rico, en adelante BPPR, presentó la demanda de epígrafe. El banco adujo que, la señora Eva Rodríguez De Jesús, obtuvo un préstamo hipotecario revertido (*reverse mortgage*), mediante pagaré a favor de Popular Mortgage, Inc. o a su orden, por la suma principal de $258,000.00. Según el banco, la deuda se aceleró, debido a que la propiedad no es la residencia principal de la Sra. Rodríguez De

_____

[1] La integración del panel se modificó mediante orden administrativa OATA-2025-016 efectivo el 6 de febrero de 2025.

Jesús. Por último, alegó que la deuda estaba vencida y era líquida y exigible.

El 5 de junio de 2024, la apelante presentó su *Contestación a la Demanda* y *Reconvención y Demanda de Coparte.* La apelante alegó que la sentencia emitida en el caso BY2022CV02400 sobre pagaré extraviado era nula, porque no fue incluida en dicho pleito, pese a que era una parte indispensable y que no se cumplió con la *Ley de Transacciones Comerciales.*

El 2 de agosto de 2024, el TPI desestimó la reconvención, debido a que no presentó una reclamación en contra de BPPR. Tan reciente como el 18 de diciembre de 2024 confirmamos la desestimación de la reconvención, pero dejamos sin efecto la imposición de honorarios de abogado.

La apelante presentó una demanda de tercero contra el bufete Martínez & Torres Law Offices que representa legalmente a los demandantes. Según la apelante, el tercero demandado: (1) solicitó que se le impusiera responsabilidad personal y solidaria, contrario a la normativa federal que limita la obligación al producto de la venta en los préstamos *without recourse*, (2) no alegó que los casos de ejecución de las hipotecas *reverse*, tienen una limitación estatutaria y contractual que libera de responsabilidad personal a los deudores hipotecarios, (3) alegó y solicitó que fuera compelida personalmente al pago de las contribuciones sobre la propiedad, primas de seguro contra el siniestro e hipotecario, los cargos por servicio del préstamo y otros cargos e imposiciones, a pesar de que no reclamó específicamente su incumplimiento y (4) violó la ley porque cobró cuantías no desglosadas y sin distinción en un diez por ciento (10%) del monto del pagaré.

La representación legal de la apelante presentó un pleito de clase. La apelante alegó que la clase estaba compuesta por los consumidores de préstamos hipotecarios *reverse,* residentes en

Puerto Rico, que han sido víctimas de las prácticas ilegales de cobro de dinero por la vía judicial del bufete que representa a la demandante. Su representación legal solicitó la nulidad de la sentencia en el caso BY2022CV02400 y del pagaré sustituto, que se determine que el apelado violó la legislación federal y se le condene al pago de daños, costas, gastos y honorarios y de un incentivo *award* de $10,000.00 y se emita cualquier orden que proceda.

La apelante alegó que los miembros de la clase comparten todas las características a continuación: (1) son deudores de préstamos hipotecarios con garantía *reverse*, (2) residentes en uno de los 78 municipios de Puerto Rico, (3) víctimas de las prácticas ilegales de cobro de dinero por la vía judicial de la apelada, y (4) han sido objeto del mismo tipo de violación. Según la apelante, (1) la clase se subdivide en 78 subclases y cada subclase está compuesta por cada uno de los 78 municipios de Puerto Rico, (2) cada subclase se diferencia de las otras, solo por la ubicación municipal de la residencia principal del deudor de la hipoteca *reverse*, (3) las 78 subclases se componen por todos y cada uno de los deudores de hipotecas *reverse* demandados por el bufete apelado a partir del 31 de mayo de 2023, en contravención al FDCPA dentro de cada uno de los 78 municipios de Puerto Rico. Su representación legal adujo que la creación de 78 subclases por municipio facilita la administración de los componentes de la clase y maximiza la recuperación de daños. Por último, argumentó que tanto la clase como la subclase reclaman que la apelada pretende cobrarles partidas que son contrarias a la ley e imponerles responsabilidad solidaria.

La representación legal de la apelante adujo que se cumple con el requisito de **tipicidad, porque** existe una identidad total con los miembros de la clase. Según la apelante, (1) todos tenían un préstamo hipotecario *reverse* a la fecha de presentada la demanda,

(2) se enfrentaron a una reclamación judicial donde la apelada les reclamó el pago solidario en un proceso *in rem, without recourse* en violación a las limitaciones contractuales y a la ley y (3) se les reclamó el pago de cuantías no adeudadas y prohibidas en los préstamos *reverse,* (4) las reclamaciones surgen de la misma conducta, práctica o curso de acción de los terceros demandados y (5) el remedio solicitado es común.

Según la apelante, también cumplió con el requisito de numerosidad. La apelante adujo que la información pública revela que la apelada ha presentado al menos una centena de pleitos de ejecución de hipoteca *reverse* desde el 31 de mayo de 2023 al presente. Su representación legal adujo que el número exacto de consumidores obra en los récords de los demandados y en la Oficina de la Administración de los Tribunales. Por último, alegó que era impráctico y/o extremadamente oneroso acumular todos los miembros de la clase, debido a que estaba compuesta por un número de personas bien numerosas, residentes en todas las regiones judiciales.

**La apelante alegó que cumplía con el requisito de comunidad, porque** existía una cuestión de hecho y de derecho común. Según la apelante, todos y cada uno eran: (1) consumidores hipotecarios de préstamos *reverse* demandados por el apelado posterior al 21 de mayo de 2023 por ejecución de hipoteca, (2) se reclamaron partidas prohibidas sin desglosarse, (3) fueron declarados deudores solidarios en violación a la ley y (4) todos tienen causas de acción por violación al FDCPA por las prácticas ilegales e injustas de cobro de dinero de la apelada.

Por último, la apelante sostuvo que representaba adecuadamente la clase porque: (1) posee una causa de acción contra el bufete, (2) comparte las violaciones comunes entre los integrantes de la clase, (3) no posee alegaciones antagónicas con la

clase, (4) sus abogados tienen más de diez (10) años de experiencia en la defensa de consumidores hipotecarios, fraudes crediticios prácticas abusivas en servicios financieros, discriminación crediticia y prácticas ilegales de cobro de dinero y (5) la certificación de la clase es un disuasivo para otros cobradores de deuda que participen o consideren participar en este tipo de práctica.

La apelada pidió la desestimación de la demanda contra tercero y demanda de clase, porque no exponen una reclamación que justifique la concesión de un remedio, son frívolas y no tienen ningún fundamento de derecho. El bufete adujo que la apelante presentó la demanda de tercero en su contra, luego que le informó que la demandante no aceptaba sus ofertas de estipulación. La apelada argumentó que la demanda no cumple con los requisitos de la Regla 12.1 de Procedimiento Civil, 32 LPRA Ap. V, porque la apelante no alegó que el bufete es o puede ser responsable de parte o de la totalidad de las alegaciones que la demandante original presentó en su contra. Por otro lado, alegó que no atribuyó responsabilidad personal y solidaria a la apelante por el cumplimiento de la obligación. Por último, adujo que la apelante no tiene legitimación activa para presentar un pleito de clase y que la demanda no cumple con los requisitos de la Regla 20, *supra.*

La apelante se opuso a la desestimación de la demanda contra tercero, porque su reclamo es contingente al resultado de la acción original que es contraria a la ley. Según la apelante, la demanda contra tercero está basada en la violación de la apelada a la ley federal que regula las hipotecas *reverse*, el contrato, la escritura y el pagaré.

Por otro lado, la apelante, además, se opuso a la desestimación de la demanda de clase. Su representación legal arguyó que cumplió **con el requisito de numerosidad y negó** que alegó que la clase estaba constituida por toda la población de Puerto

Rico. Fue específica en que la clase estaba constituida por personas dispersas en todas las regiones judiciales contra las que se han instado préstamos de ejecución de hipotecas *reverse* desde el 31 de mayo de 2023. Igualmente, negó que la demanda estuviera basada en conclusiones inexistentes y carente de alegaciones sobre hechos específicos. La apelante adujo que cumplió con el requisito de **comunidad** porque sus alegaciones están basadas en violaciones expresamente prohibidas por ley. Además, **argumentó que cumplió con el requisito de tipicidad,** porque su reclamo era un disuasivo para otros bufetes y para el apelado y evitaba la imposición de responsabilidad solidaria por una deuda ilegal. La apelante **arguyó que se cumple con el requisito de adecuada representación legal,** porque el cobrador incurrió en acciones ilegales contra su patrimonio personal. Por último, sostuvo que su legitimación activa emana del reclamo contra su patrimonio personal.

El TPI resolvió que la demanda contra tercero no cumplió con los requisitos de ley, aun dando como ciertas sus alegaciones. El foro primario determinó que la apelante se circunscribió a alegar que el bufete apelado violó el FDCPA porque le atribuyó responsabilidad personal por el incumplimiento de la obligación hipotecaria. Según el TPI, la apelante solicitó en la demanda contra tercero una compensación de $39,000,000.00. No obstante, incumplió con la Regla 12.1, *supra,* porque no adujo que el tercero demandado era o podía ser responsable de la demanda original en su contra.

El foro primario también desestimó la demanda de clase, porque la apelante incumplió con los requisitos para que prosperara esa causa de acción. El TPI determinó que no se cumplió con **el requisito de numerosidad,** porque la apelante no evidenció la impracticabilidad del número de personas, incluyó como afectados a toda la población de Puerto Rico, a pesar de que no se ajusta a la

verdad de lo aseverado, no se apoyó en los hechos del caso y sus alegaciones escapan de toda lógica. Igualmente concluyó que la apelante incumplió con el requisito de comunidad. Según el TPI, la apelante solo hizo simples alegaciones de que el apelado incurrió en un patrón de ilegalidad consistente en el reclamo de cuantías de costas, gastos y honorarios, intereses legales no permitidos y de atribuirle responsabilidad personal y solidaria en violación a la ley federal. **El TPI no encontró alegaciones de hechos específicos sobre prácticas injustas e ilegales de cobro por parte de la apelada, que sirvan para establecer la existencia de cuestiones comunes.** Según el TPI, no se cumple con el requisito de **tipicidad** porque las reclamaciones alegadas no surgen de un mismo evento, práctica o conducta. Por último, adujo que en la demanda de clase no se configura **la adecuada representación,** porque está basada en especulaciones de que el bufete trató de cobrarle indebidamente en su carácter personal, que no están sustentadas. El TPI concluyó que la demanda original no responsabilizó a la apelante en su patrimonio personal.

El 24 de septiembre de 2024, el TPI dictó la sentencia apelada en la que desestimó la demanda contra tercero y la demanda de clase.

La apelante presentó oposición a la moción de reconsideración. La apelada se opuso a la reconsideración. El TPI declaró NO HA LUGAR la moción de reconsideración.

Inconforme, la apelante presentó este recurso en el que alega que:

> ERRÓ EL FORO A QUO Y ACTUÓ CON PERJUICIO, PARCIALIDAD, EN CLARO ERROR DE DERECHO Y ABUSÓ DE SU DISCRECIÓN AL DESESTIMAR LA DEMANDA CONTRA TERCERO Y DEMANDA DE CLASES POR SUPUESTAMENTE NO EXPONER UNA RECLAMACIÓN QUE JUSTIFIQUE LA CONCESIÓN DE UN REMEDIO, AUN CUANDO LA DEMANDA CUMPLE EXTENSIVAMENTE CON EL REQUISITO DE PLAUSIBILIDAD REQUERIDO Y LAS ALEGACIONES

SE FUNDAMENTAN EN VIOLACIONES FDCPA, QUE SURGEN DE LOS ESCRITOS PRESENTADOS POR M&T ANTE EL TRIBUNAL.

ACTUÓ DE MANERA IRRAZONABLE CON PREJUICIO Y PARCIALIDAD EL FORO A QUO, AL DESESTIMAR EL PLEITO DE CLASE, SIN UN ANÁLISIS RIGUROSO, REQUIRIÉNDOLE AL TERCERO DEMANDANTE QUE PRESENTE PRUEBA DE LAS ALEGACIONES, SIN PERMITIR DESCUBRIMIENTO DE PRUEBA PARA CERTIFICAR LA CLASE; SIN CELEBRAR UNA VISTA DE CERTIFICACION DE CLASE Y TILDANDO EL PLEITO DE ESPECULATIVO; A SU VEZ INDICANDO QUE NO SE CUMPLIERON CON NINGUNO DE LOS REQUISITOS PARA UN PLEITO DE CLASE.

ERRÓ EL FORO A QUO AL, USAR CASUISTICA APLICABLE A LA REGLA 12.1 DE PROCEDIMIENTO CIVIL DE 1979 Y OBVIAR LA MÁS RECIENTE EXPRESIÓN DEL TSPR EN *COLÓN NEGRÓN V. MUN. DE BAYAMÓN, ET. ALS.*, 2015 TSPR 23.

ERRÓ EL FORO A QUO, AL DETERMINAR QUE EL NOMBRE HACE LA COSA Y TILDAR LA ACCIÓN COMO UNA *IN REM* AUNQUE ES PALPABLE DE LAS ALEGACIONES (ADMISIONES) DE LA DEMANDA QUE SOLICITAN REMEDIOS *IN PERSONAM* E INDICANDO QUE, NO SURGE DE LA DEMANDA INTENCIÓN DE COBRARLE A LA SRA. RODRIGUEZ CUANDO EL FDCPA ES UN ESTATUTO DE RESPONSABILIDAD ESTRICTA QUE NO REQUIERE INTENCIÓN.

## II.

### Legitimación Activa

La legitimación activa es la capacidad del promovente de una acción para comparecer como litigante ante el tribunal, realizar eficazmente actos procesales y de esa forma obtener una sentencia vinculante. A través de la legitimación activa, el promovente procura demostrarle al tribunal que tiene un interés de tal índole que con toda probabilidad proseguirá su causa de acción vigorosamente y traerá a la atención del tribunal las cuestiones en controversia. Los tribunales reconocen la legitimación activa, aunque no haya sido expresamente conferida por ley. No obstante, para que así sea: (1) la parte que reclama tiene que haber sufrido un daño claro y palpable, (2) el daño tiene que ser real, inmediato y preciso y no abstracto o hipotético, (3) existir una relación causal razonable entre la acción que se ejecuta y el daño alegado y (4) la causa de acción surge al

amparo de la Constitución o de una ley. *Ramos Méndez v. García García,* 203 DPR 379, 394-395 (2019).

### La Moción de Desestimación

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, permite que el demandado solicite la desestimación de la demanda, antes de presentar una contestación. Las razones para solicitar la desestimación son las siguientes: (1) falta de jurisdicción sobre la materia, (2) falta de jurisdicción sobre la persona, (3) insuficiencia del emplazamiento, (4) insuficiencia del diligenciamiento del emplazamiento, (5) dejar de exponer una reclamación que justifique la concesión de un remedio y (6) dejar de acumular una parte indispensable. *Costas Elena v. Magic Sport,* 2024 TSPR 13, 213 DPR ___ (2024); *González Méndez v. Acción Soc.*, 196 DPR 213, 234 (2016).

El Tribunal Supremo de Puerto Rico ratificó tan reciente como en *Costas Elena v. Magic Sport,* supra, las normas que rigen la desestimación de una demanda basada en el inciso 5 de la Regla 10.2*, supra.* Estas normas son las siguientes:

(1) La desestimación procede cuando de las alegaciones de la demanda, surge que alguna de las defensas afirmativas derrotara la pretensión del demandante.

(2) Al evaluar una moción de desestimación al amparo de la Regla 10.2 (5), *supra,* el tribunal tiene que tomar como ciertos todos los hechos bien alegados en la demanda, aseverados de manera clara y concluyente y que de su faz no dan margen a dudas.

(3) Los tribunales que atienden una moción basada en la Regla 10.5, *supra,* tienen que evaluar las alegaciones de la demanda conjuntamente, y de la forma más favorable para el demandante.

(4) Toda duda debe resolverse a favor del demandante.

(5) El demandado tiene que establecer con toda certeza que el demandante no tiene derecho a remedio alguno, bajo cualquiera estado de Derecho que se pudiera probar en apoyo a su reclamación. Véase, además, *Eagle Security v. Efron Dorado et al,* 211 DPR 70, 84 (2023).

La privación de un litigante de su día en corte solo procede en casos extremos. La desestimación al amparo de la Regla 10.2(5), *supra*, prosperará si luego de realizar el análisis requerido, el tribunal entiende que no se cumple con el estándar de plausibilidad. Los tribunales no pueden dar paso a una demanda insuficiente bajo el pretexto de que las alegaciones conclusorias podrán ser probadas con el descubrimiento de prueba. *Costas Elena v. Magic Sport, supra.*

## Acción de Clase

La Regla 20.1, 32 LPRA Ap. V, tiene los requisitos que debe cumplir un pleito de clase. Uno o más miembros de una clase podrán comparecer como demandantes o demandados en representación de los miembros de la clase. No obstante, los representantes deberán demostrar que la acumulación de todos los miembros de la clase es impracticable, debido a su numerosidad. Los representantes de la clase tienen que: (1) compartir cuestiones de hecho o derecho comunes a la clase, (2) tener las defensas o reclamaciones típicas de la clase y (3) proteger los intereses de la clase de manera justa y adecuada.

Los promoventes del pleito de clase, además, tienen que demostrar que se cumplen los requisitos de la Regla 20.2, 32 LPRA Ap. V. La tramitación de pleitos separados por o en contra de miembros individuales de la clase crearía un riesgo de:

1. adjudicaciones inconsistentes o variadas respecto a los miembros individuales de la clase que establecerían normas de conducta incompatibles para la parte oponente a la clase.

2. adjudicaciones con respecto a miembros individuales de la clase, que dispondrían de los intereses de los otros miembros que no sean partes o empeorarían o impedirían sustancialmente su habilidad para proteger sus intereses o

   El oponente a la clase ha actuado o ha rehusado actuar por razones a la clase en general en forma tal que resulte apropiado conceder finalmente un remedio mediante interdicto o sentencia declaratoria correspondiente con respecto a la clase en general o

> El tribunal determina que las cuestiones de hechos básicas o de derecho comunes a los miembros de la clase predominan sobre cualquier otra que afecte solamente a miembros individuales. Además, deberá determinar que el pleito de clase es superior a otros métodos disponibles para la justa y eficiente adjudicación de la controversia. Los asuntos pertinentes para hacer esas determinaciones incluyen evaluar los criterios a continuación. El interés de los miembros de la clase en controlar individualmente la tramitación o defensa de pleitos separados. La naturaleza y alcance de cualquier litigio relativo a la controversia comenzado por o en contra de los miembros de la clase. La deseabilidad de concentrar o no el trámite de las reclamaciones en el foro específico. Las dificultades que probablemente surgirían en la tramitación de un pleito de clase.

El pleito de clase viabiliza que una persona o grupo de personas demanden a nombre propio y en representación de otras. Las consecuencias jurídicas procesales para estos últimos serán las mismas que tendrían si hubieran comparecido individual y personalmente al litigio. La Regla 20 de Procedimiento Civil, 32 LPRA Ap. V, establece las condiciones para que un pleito pueda tramitarse como una acción de clase. Además de cumplir con los criterios de numerosidad, comunidad, tipicidad y adecuacidad de la Regla 20.1, *supra,* es necesario que la demanda de clase alegue hechos que enmarquen la reclamación dentro de una de las modalidades establecidas en la Regla 20.2, 32 LPRA Ap. V. Las ventajas de este tipo de litigación: (1) fomenta la economía judicial porque permite adjudicar de una sola vez todas las cuestiones comunes a varios litigios y evita la fragmentación y multiplicidad, (2) permite hacer justicia a personas que de otra forma no la obtendrían, particularmente los agraviados no se sienten motivados a litigar porque las sumas individuales en controversia no son cuantiosas y (3) protege a las partes de sentencias inconsistente. *Nevárez Agosto v. United Surety et al,* 209 DPR 346, 361-363 (2022).

El Tribunal Supremo de Puerto explicó los requisitos del pleito de clase en *Cuadrado Carrión v. Romero Barceló,* 120 DPR 434, 449-

450 (1988), resuelto durante la vigencia de las reglas anteriores de Procedimiento Civil. No obstante, las actuales reglas tienen las mismas exigencias y son las siguientes: (1) la clase sea tan numerosa que la acumulación de todos los miembros resulte impracticables, (2) existan cuestiones de hecho o derecho comunes, (3) las reclamaciones o defensas de los representantes sean típicas de las reclamaciones o defensas de la clase y (4) que los representantes protejan los intereses de la clase de manera justa y adecuada. La certificación de clase no procede en ausencia de alguno de esos requisitos.

El requisito de **numerosidad** cobra importancia, debido a lo impracticable que resulta acumular en un mismo pleito a todos los miembros de la clase por la cantidad de personas que la componen. El número de personas que componen la clase no es decisivo en la determinación de impracticabilidad, porque es un asunto que debe resolverse caso a caso conforme a sus circunstancias particulares. La parte promovente del pleito de clase no tiene que demostrar que la acumulación de sus miembros es imposible, ya que basta con demostrar que tal proceder crearía serios inconvenientes y obstáculos en la tramitación del caso. La dispersión geográfica, la posibilidad de que los miembros de la clase puedan ser identificados para propósitos de la acumulación, la cuantía de la reclamación y la habilidad de cada miembro para hacer valer sus derechos son otros factores por considerar. La determinación inicial de si un pleito puede prosperar como acción de clase no puede descansar en la mera especulación. El peso de la prueba recae sobre el promotor de la certificación. No obstante, no tiene que alegar ni probar el número exacto de miembros de la clase, basta con presentar alguna prueba o estimado razonable del número potencial de individuos representados.

El requisito de **comunidad** requiere que exista una cuestión de hecho o de derecho común. Además, existe una relación conceptual entre los requisitos de impracticabilidad y comunidad, porque ambos se refieren a los miembros ausentes o clase representada. Los representantes y demás integrantes de la clase no tienen que compartir una completa identidad en las cuestiones de hecho o de derecho, para que se configure la comunidad. El concepto es cualitativo y no cuantitativo. Únicamente se requiere una cuestión común de hecho o de derecho. La existencia de particularidades especialmente relacionadas con las defensas oponibles a cada miembro no derrota el cumplimiento de este requisito. La comunidad de intereses es un asunto de hechos que necesariamente hay que fijar antes de que pueda certificarse un pleito de clase. *Cuadrado Carrión v. Romero Barceló,* supra, págs. 452-453.

Los requisitos de **tipicidad y adecuada representación** describen las características que deben poseer los representantes. Las reclamaciones o defensas de los representantes tienen que ser las típicas de la clase. Este criterio se asemeja en ciertos aspectos al de comunidad. El requisito de tipicidad atiende a la cuestión de si existe una relación entre las reclamaciones de los demandantes y las de clase que intenta representar. Cuando la reclamación de los demandantes cumple con el requisito de tipicidad, su interés de prevalecer en el pleito es compartido con los demás miembros de la clase. Por esa razón, cuando el representante defiende sus intereses, adelanta los intereses de la clase. Sin embargo, no es necesario que exista una uniformidad impecable. *Cuadrado Carrión v. Romero Barceló,* supra, pág. 454. Cuando las reclamaciones o defensas de los representantes no son típicas de la clase, existe un problema inherente de conflicto, porque se incumple con la exigencia mínima de adversariedad que caracteriza nuestro derecho adjudicativo. El

incumplimiento del requisito de tipicidad conlleva la ausencia de una adecuada representación legal. *Cuadrado Carrión v. Romero Barceló,* supra, págs. 455-456.

Por último, la adecuada representación exige al demandante, que pretende representar la clase, cumplir con un requisito de génesis constitucional. La adecuada representación de los intereses de los miembros ausentes evita la inconstitucionalidad de la acción de clase, porque garantiza el cumplimiento del debido proceso de ley. Los factores primordiales y notas diferenciales del análisis de adecuada representación se concentran en torno a: (1) la ausencia de conflicto y (2) las garantías de litigación agresiva y vigorosa. La doctrina ha resaltado la relación que existe entre los prerrequisitos de tipicidad y adecuada representación. *Cuadrado Carrión v. Romero Barceló,* supra, pág. 455.

El tribunal debe realizar un análisis riguroso antes de certificar un pleito de clase. Un pleito de clase no se mantiene por la mera alegación del promovente de que se cumplan los requisitos de la regla. El tribunal está obligado a determinar si, en efecto, se cumplen esos requisitos. La celebración de una vista no es mandatoria para que el tribunal se encuentre en posición óptima de cerciorarse de que se satisfacen los requisitos establecidos por la referida. No obstante, la celebración de la vista es conveniente. En algunos casos será necesario darles oportunidad a las partes de presentar la evidencia referente al asunto de la certificación. La mera repetición del lenguaje de la regla no es suficiente, ya que es necesario que la demanda contenga unas alegaciones fácticas que indiquen el cumplimiento de cada uno de sus requisitos. La demanda cumple esos requisitos, si sus alegaciones tienen los datos suficientes para satisfacer los requisitos de la regla. Sin embargo, de ordinario, la determinación de si procede o no la certificación del pleito de clase requiere más información de la provista en la

demanda. Por esa razón, es aconsejable y conveniente que se le brinde a las partes la oportunidad de presentar en una vista evidencia a favor o en contra del mantenimiento de la acción como pleito de clase. No obstante, el tribunal tiene discreción al respecto. *García v. Asociación,* 165 DPR 311, 320-321 (2005).

### Demanda contra Tercero

La Regla 12.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 12.1, establece cuando un demandado podrá traer a un tercero que no es parte en el pleito. El tercero demandado tiene que ser o poder ser responsable al demandante contra tercero por la totalidad o parte de la reclamación que el demandante original hace en su contra **o que sea o pueda ser responsable a cualquier parte en el pleito.**

A través de la demanda contra tercero se viabiliza que controversias surgidas de unos mismos hechos y relacionadas entre sí se diluciden en el mismo pleito. Esto en aras de lograr la economía procesal y facilitar la pronta, pero eficaz, resolución de las controversias. *Maldonado Rivera v. Suárez,* 195 DPR 182, 191 (2016); *Camaleglo v. Dorado Wings, Inc.,* 118 DPR 20, 28 (1986).

Ahora bien, el solo hecho de tener en común un mismo supuesto factico no es suficiente para añadir a un pleito nuevas controversias mediante la demanda contra tercero. *Maldonado Rivera v. Suárez,* supra; *Colón Negrón et al v. Mun. Bayamón,* 192 DPR 499, 517 (2015). Hay que satisfacer dos condiciones, que la reclamación contra el tercero sea contingente al resultado de la demanda original, y que exista una relación suficientemente estrecha entre la demanda original y la demanda contra tercero, o lo que se ha llamado "entranque común" y que se evaluará caso a caso. *Maldonado Rivera v. Suárez,* supra, pág. 192; *Colón Negrón et al v. Mun. Bayamón,* supra, págs. 26-27.

**III**

La apelante cuestiona en los señalamientos de errores primero, tercero y cuarto la desestimación de la demanda de tercero. La señora Quiles Pérez trajo como tercero demandado a la representación legal de la demandante, porque alega que violó la legislación federal que impide imponer responsabilidad personal y solidaria al deudor de una hipoteca *reverse*.

El apelado aduce que la apelante pretende viabilizar una causa de acción por la inclusión de la palabra solidaria en la súplica de la demanda. El tercero demandado aduce que la naturaleza *in rem* de la reclamación consta expresamente en el epígrafe de la demanda y hace claro que no es contra los bienes personales de la demandada. Por último, advierte que la demanda está acompañada del pagaré hipotecario en el que consta que los bienes personales del deudor hipotecario no responden por el cumplimiento de la obligación.

Martínez Torres Law Offices tiene razón. Las alegaciones de la demanda contra tercero no exponen una reclamación que justifique la concesión de un remedio en su contra. La apelante culpa al bufete porque le imputó responsabilidad personal y solidaria en la demanda, contrario a lo establecido en la legislación federal. La demandante contra tercero fundamenta su reclamo a que en la parte final de la demanda incluyó entre los remedios solicitados:

> a. Que condene a la parte demandada a satisfacer en forma solidaria a BPPR las partidas reclamadas en el párrafo número 23 de este escrito más intereses según provisto por la Regla 44.3 de las de Procedimiento Civil.

A nuestro juicio, es claro que esa expresión se incluyó en la demanda por un error clerical. El epígrafe de la demanda hace clara la naturaleza *in rem* de la reclamación. El bufete no imputó responsabilidad solidaria a la apelante en ninguna de las 26 alegaciones que constituyen la demanda. Por si existiera duda, la

demanda fue presentada junto al pagaré en el que consta expresamente que:

> El Deudor no tendrá ninguna responsabilidad personal por el pago de la deuda. El Acreedor Hipotecario deberá hacer cumplir el pago de la deuda solamente a través de la venta de la Propiedad (Propiedad) cubierta por la Primera Hipoteca.

**Por otro lado, la apelante ha planteado que el apelado violó la ley porque cobró cuantías sin distinción y sin un desglose equivalentes a un diez por ciento (10%) del monto del pagaré. Las alegaciones de la apelante son insuficientes para establecer una causa de acción por prácticas ilegales contra los abogados que representan a la apelada. No obstante, la procedencia y legalidad de esas cuantías reclamadas en la demanda es un asunto que corresponde ser evaluado por el TPI. Conforme al derecho relacionado a los préstamos hipotecarios revertidos o reverse mortgage.**

La apelante, además, argumenta que la desestimación de la demanda contra tercero está basada en la derogada Regla 12.1 de Procedimiento Civil de 1979 y su jurisprudencia interpretativa. Su representación legal aduce que la regla actual no limita que la demandada traiga al pleito un tercero demandado para que le responda por la totalidad o por parte de la reclamación que el demandante original hizo en su contra. No existe duda alguna que la actual Regla 12.1, *supra,* permite traer un tercero demandado para que responda a cualquier parte en el pleito. No obstante, de las alegaciones de la demanda contra tercero es obvio que la apelante trajo a la apelada para que le respondiera directamente en caso de que la demanda en su contra prospere. La propia apelante ha reconocido que la demanda de tercero tiene un entronque común y está supeditada a la demanda original, en la que sostiene que se le imputa responsabilidad personal y solidaria.

La apelante alega en el segundo señalamiento de error que el TPI abusó de su discreción porque desestimó incorrectamente la demanda de clase.

La apelada sostiene que la apelante no cumplió con los requisitos de un pleito de clase.

El TPI no cometió el segundo señalamiento de error. La apelante no tiene legitimación activa para comparecer como representante de la clase. La celebración de una vista no es necesaria, debido a que es evidente que la apelante no cumple con los requisitos para representar la clase. La demanda de clase no puede prosperar porque está basada en las mismas alegaciones, argumentos, hechos y derecho que la demanda de tercero. La apelante alegó en la demanda de tercero que el apelado: (1) solicitó que se le impusiera responsabilidad personal y solidaria, contrario a la normativa federal que limita la obligación al producto de la venta en los préstamos *without recourse*, (2) no alegó que los casos de ejecución de las hipotecas *reverse*, tienen una limitación estatutaria y contractual que libera de responsabilidad personal a los deudores hipotecarios, (3) alegó y solicitó que fuera compelida personalmente al pago de las contribuciones sobre la propiedad, primas de seguro contra el siniestro e hipotecario, los cargos por servicio del préstamo y otros cargos e imposiciones, a pesar de que no reclamó específicamente su incumplimiento y (4) violó la ley porque cobró cuantías no desglosadas y sin distinción en un diez (10) por ciento del monto del pagaré. El TPI desestimó la demanda contra tercero y confirmamos su determinación por las razones ya expresadas. La ausencia de una causa de acción que justifique la concesión de un remedio imposibilita a la apelante representar la clase con la que alega comparte los mismos hechos y derecho en los que fundamentó la demanda de tercero. A nuestro juicio, sería inconsistente no desestimar la demanda de clase basada en las mismas alegaciones

que la demanda de tercero. La clase no puede estar representada por la apelante, porque la demanda de tercero estaba basada en las mismas alegaciones y fue desestimada debido a la inexistencia de una causa de acción.

Los requisitos de numerosidad, comunidad, tipicidad y adecuada representación legal para certificar un pleito de clase no se cumplen. La certificación de la clase es inconsistente con la desestimación de la demanda de tercero. La apelante no puede alegar que representa la clase, **porque no existe una cuestión común de hechos y de derecho.** Su imposibilidad consiste en que las alegaciones del pleito de clases están basadas en los mismos argumentos de la demanda de tercero que presentó contra la apelada y que fue desestimada. La apelante no puede invocar derechos a nombre de la clase, si no tiene una causa de acción a su favor por los mismos hechos. La ausencia de cuestiones comunes de hecho y derecho hace obvio que tampoco puede representar adecuadamente la clase.

**IV.**

Por todo lo antes expuesto, se confirma la sentencia apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones